IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARCUS C. GASKINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 20-cv-01977-SAG |
| PHIL HAGER, *et al*. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COME NOW the Defendants, Phil Hager, Gregorio Africa and Sherri Dickerson, by and through undersigned counsel, and pursuant to Fed. R. Civ. Pro. 12 (b)(6) and Local Rule 105 and file this Memorandum of Law in Support of their Motion to Dismiss and state for cause to this Honorable Court:

## INTRODUCTION

Marcus Gaskins, the Plaintiff (hereinafter "Mr. Gaskins"), is a former employee of Anne Arundel County, Maryland (the "County") who was terminated from employment on or about January 12, 2018 for lying about leave usage and falsifying information on his employment application. (Complaint, p. 5). Thereafter he filed a charge of gender discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") which found no probable cause and issued a right to sue letter on February 19, 2019. (Complaint, p. 5-6). On July 29, 2019 Mr. Gaskins filed the instant case pursuant to Title VII of the Civil Rights Act of 1964, in the United States District Court for the District of Columbia. The Defendants challenged the venue as improper and moved for dismissal on that, and other bases. On June 16, 2020 the United States District Court for the District of Columbia denied the motion to dismiss but

{00304216.DOC; 1}

granted the motion to transfer venue. On July 6, 2020 this Court acknowledged receipt of the instant case and assigned the above-captioned case number. (ECF No. 10). The Defendants, who are the individual directors of various County departments and agencies, now move for dismissal of the suit for the failure to state a claim against them.

## STANDARD OF LAW

Dismissal is proper, under Fed. R. Civ. P. 12 (b) (6), when it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Hughes Automotive, Inc. v. Mid-Atlantic Toyota Distrib., Inc.*, 543 F.Supp. 1056 (D. Md. 1982). In considering whether to grant dismissal, the factual allegations of Plaintiffs' Complaint must be taken as true. *EEOC v. Maryland Nat-Capital Park & Planning*, 673 F. Supp. 746 (D. Md. 1987).

The Supreme Court has now imposed a specific factual pleading requirement that requires the allegation of "plausible" facts. In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the U.S. Supreme Court held that plaintiffs must allege facts to state a claim that are plausible on their face. See also, *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In order to survive dismissal, a complaint must "allege facts sufficient to state all of the elements of [plaintiff's] claim. *Bass v. E.I. DuPont de Nemours & Co,* 324 F.3d 761, 765, (4th Cir. 2003) (citations omitted). A complaint does not suffice if it tenders merely "naked assertions devoid of further factual enhancement." Where it "pleads facts merely consistent with" a defendant's liability, "it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) citing *Twombly*, 127 S.Ct. at 1955. Thus, after *Iqbal*, plaintiffs must allege facts sufficient to create a plausible inference that the defendant acted with the relevant culpable state of mind.

Despite this generous standard, for purposes of determining whether a plaintiff has failed to state a cause of action plaintiff still must meet a minimum standard of setting forth sufficient information to suggest that there exists some recognized legal theory upon which relief can be granted.

**ARGUMENT**

Mr. Gaskins has not stated a claim upon which relief can be granted against Phil Hager, Gregorio Africa, or Sherri Dickerson in their individual capacities. Mr. Gaskins purports to bring a claim for gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and applicable state law counterparts. Unfortunately it is the law in this Circuit that supervisors are not liable in their individual capacities. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177 (4th Cir. 1998). "An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations." *Id* at 180.

In the instant case, Mr. Gaskins has sued three defendants: 1) Phil Hager- "Director of the Office of Planning and Zoning (hereinafter "Mr. Hager"); 2) Gregorio Africa- "Director of the Department of Inspections and Permits ("Mr. Africa"); and 3) Sherri Dickerson- "Director of the Office of Personnel" ("Ms. Dickerson"). Mr. Gaskins has not named any other defendant, including Anne Arundel County, Maryland, his employer under Title VII. For these reasons, the Title VII claim (and related state law claims) against Mr. Hager, Mr. Africa and Ms. Dickerson should be dismissed with prejudice.

In fact, nowhere in the entire complaint is a single factual allegation made against any of the named defendants. Mr. Gaskins simply avers that he "began employment… as an Engineer III" and his supervisor was "David Braun, Engineer Manager." (Complaint, p. 5). The

Defendants' names do not appear anywhere in the Complaint other than in the case caption. Mr. Gaskins simply has not alleged any facts plausible on their face that Mr. Hager, Mr. Africa or Ms. Dickerson committed any discrimination acts or anything else that would rise to a plausible allegation of a Title VII claim under the pleading standards enumerated by the Supreme Court in *Iqbal* and *Twombly*, *supr*a. For these reasons, their Motion to Dismiss should granted and the Complaint should be dismissed with prejudice.

## CONCLUSION

Mr. Gaskins has advanced a claim for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Unfortunately he sued individuals and not his employer, Anne Arundel County, Maryland. Because Mr. Gaskins has not stated a claim upon which relief can be granted against Phil Hager, Gregorio Africa and Sherri Dickerson, their Motion to Dismiss should be granted and the Complaint against them should be dismissed with prejudice.

WHEREFORE the Defendants respectfully request this Court enter an Order granting their Motion to Dismiss and dismissing the case with prejudice, and for such other and further relief as justice and their cause may require.Respectfully submitted,

                GREGORY J. SWAIN
                County Attorney


                __/S/__ *Philip E. Culpepper*_____
                Philip E. Culpepper
                Federal Bar No. 28519
                Senior Assistant County Attorney
                Anne Arundel County Office of Law
                2660 Riva Road, 4th Floor
                Annapolis, Maryland   21401
                (410)222-7888

pculpepper@aacounty.org

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 23rd day of July, 2020, a copy of the foregoing Notice of Substitution was mailed via first-class postage to:

Marcus C. Gaskins
4310 Varnum Place NE
Washington, DC 20017

*Plaintiff*

                                     /S/ *Philip E. Culpepper*
                                     Philip E. Culpepper