**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 18, 2020

Marcus C. Gaskins
P.O. Box 438
Odenton, Maryland 21113

LETTER OPINION

      RE:   *Gaskins v. Hager, et al.*, 20-1977-SAG

Dear Mr. Gaskins and Counsel:

      Plaintiff Marcus C. Gaskins ("Plaintiff") filed this lawsuit, *pro se*, against Defendants Phil Hager, Gregorio Africa, and Sherri Dickerson (collectively "Defendants"), who appear from the Complaint caption to be management-level employees with Anne Arundel County, Maryland. ECF 1. The Complaint alleges employment discrimination, on the basis of Plaintiff's male gender, in violation of Title VII of the Civil Rights Act of 1964 and "Title 20, Subtitle 6 of the State Government Article, Annotated Code of Maryland." *Id.* Defendants have filed a motion to dismiss ("the Motion"), ECF 14, asserting that the Complaint fails to state a claim upon which relief can be granted. I have reviewed the Motion, along with the relevant oppositions, supplements, and replies. ECF 16, 19, 20. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the Motion will be granted, and Plaintiff's Complaint will be dismissed without prejudice.

      Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221, (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see In re Birmingham*, 846 F.3d at 92.

      Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

*Gaskins v. Hager*
Civil No. SAG-20-1977
September 18, 2020
Page 2

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and '. . . recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff brought this action *pro se*, this Court affords his pleadings liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). Essentially, *pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (per curiam). However, even liberal construction does not require district courts to "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014) ("[L]iberal construction does not absolve Plaintiff from pleading a plausible claim."); *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."); *aff'd* 526 F. App'x 255 (4th Cir. 2013). Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

*Gaskins v. Hager*
Civil No. SAG-20-1977
September 18, 2020
Page 3

    The question before the Court, then, is whether Plaintiff's Complaint states a plausible claim for relief against the three named Defendants, Phil Hager, Gregorio Africa, and Sherri Dickerson. It does not. In fact, Plaintiff's factual statement in support of his Complaint makes no reference to the three named defendants at all. *See* ECF 1. Moreover, even assuming that Plaintiff were able to "supplement" his Complaint via subsequent filings, his "Submittal of Statement of Allegation (Facts) in Anne Arundel County Case," ECF 16, which attached forty-two exhibits, is similarly devoid of any reference to Hager, Africa, or Dickerson. Those three individuals are the only named defendants in the Complaint, and Plaintiff has made no allegations against any of them. Accordingly, the Defendants cannot possibly have "fair notice" of the basis of Plaintiff's claims. Under the legal standards described above, Plaintiff's Complaint fails to state a claim for which relief can be granted, and must be dismissed.

    For the reasons set forth herein, Defendants' motion to dismiss, ECF 14, will be granted. Plaintiff's claims will be dismissed without prejudice, and this case will be closed.

    A separate order follows.

    Sincerely yours,

    /s/
    Stephanie A. Gallagher
    United States District Judge